IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| MICHAEL DUCHELLE GREEN,     )  | |
|     Plaintiff,                              ) | Case No. 7:23-cv-00106 |
|                                                   ) | |
| v.                                                 ) | |
|                                                   ) | By: Michael F. Urbanski |
| MISS ELIZABETH HURT,           ) | Chief United States District Judge |
|     Defendant.                           ) | |

**MEMORANDUM OPINION**

Plaintiff Michael Duchelle Green, a Virginia inmate proceeding pro se, filed this civil action under 42 U.S.C. § 1983 against the public defender appointed to represent him on a state probation violation. Green seeks to recover damages from the defendant based upon allegations of "ineffective assistance of counsel." Compl., ECF No. 1, at 2. Green did not pay the applicable filing fee, and court records indicate that he has had at least three prior actions dismissed as frivolous or for failure to state a claim upon which relief may be granted.[1] Therefore, under the three strikes provision of the Prison Litigation Reform Act, Green may not proceed with this action unless he either prepays the entire filing fee or shows that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

The imminent danger exception "focuses on the risk that the conduct complained of threatens continuing or future injury, not on whether the inmate deserves a remedy for past

---

[1] See, e.g., Green v. Towery, No. 7:21-cv-00341 (W.D. June 4, 2021); Green v. Beuckelaere, No. 7:21-cv-00342 (W.D. Va. June 4, 2021); Green v. Salmon, No. 7:21-cv-00171 (W.D. Va. May 28, 2021); Green v. Amherst Cnty. Adult Det. Ctr., No. 7:18-cv-00207 (W.D. Va. Dec. 14, 2018); Green v. Amherst Cnty. Adult Det. Ctr., No. 7:18-cv-00247 (W.D. Va. Oct. 30, 2018); Green v. Kazlauskas, No. 7:18-cv-00302 (W.D. Va. Oct. 30, 2018); Green v. Wang, No. 7:05-cv-00116 (W.D. Va. Feb. 25, 2005); Green v. Mardavich, No. 7:05-cv-00106 (W.D. Va. Feb. 22, 2005); Green v. Mardavich, No. 7:05-cv-00094 (W.D. Va. Feb. 16, 2005).

misconduct." Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003). Thus, "the requisite imminent danger of serious physical injury must exist at the time the complaint or appeal is filed . . . ." Id. "Vague, speculative, or conclusory allegations are insufficient to invoke the exception of § 1915(g); rather, the inmate must make 'specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury.'" Johnson v. Warner, 200 F. App'x 270, 272 (4th Cir. 2006) (quoting Martin, 319 F.3d at 1050).

Green's allegations fall short of satisfying the imminent danger exception. He does not allege that he suffered any physical injury as a result of the defendants' actions or omissions, much less that he faces an imminent risk of serious physical injury. Because Green has not prepaid the filing fee or demonstrated that he is "under imminent danger of serious physical injury," the court will dismiss his complaint without prejudice under 28 U.S.C. § 1915(g).[2] An appropriate order will be entered.

Entered: February 17, 2023

Michael F. Urbanski
Chief United States District Judge

---

[2] Even if Green had satisfied the requirements of § 1915(g), the complaint would be subject to dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim against the named defendant. To state a claim under 42 U.S.C. § 1983, "a plaintiff must allege a violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." Loftus v. Bobzien, 848 F.3d 278, 284–85 (4th Cir. 2017) (internal quotation marks and citation omitted). It is well settled that a public defender or other court-appointed attorney does not act under color of state law when representing a defendant in a criminal case. See Polk Cnty. v. Dodson, 454 U.S. 312, 325 (1981); Hall v. Quillen, 631 F.2d 1154, 1155–56 (4th Cir. 1980). Accordingly, Green's claims of ineffective assistance against his former attorney are not cognizable under § 1983.